Entered on Docket
December 20, 2005
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

DEC 1 5 2005

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 05-52927-MM |
| **POLARIS NETWORKS, INC.,** | Chapter 11 |
| Debtor. | Memorandum Decision and Order on First Interim Application by Levene, Neale, Bender, Rankin & Brill LLP for Approval of Fees and Reimbursement of Expenses |

### INTRODUCTION

This matter is before the court on the First Interim Application for Approval of Fees and Reimbursement of Expenses by Levene, Neale, Bender, Rankin & Brill LLP, counsel for the debtor. Just prior to hearing, the applicant supplemented its application with a request for fees for services rendered through plan confirmation. All told, the applicant is seeking an award of fees in the amount of $107,219.00 and reimbursement of costs advanced in the amount of $10,514.65. After a hearing on December 6, 2005, the court took the application, as supplemented, under advisement. Having considered the submissions of counsel and their arguments, the court finds as follows:

## BACKGROUND

During the five years prior to bankruptcy, the debtor used venture capital funding to develop a piece of networking hardware and associated operating software that is used to route calls and information for large telecommunications networks. Although the debtor appears to have a valuable product, buyers have been reluctant to transact business with the debtor due to the debtor's precarious financial position. Unable to attract additional venture capital or to sell the company, the debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on May 13, 2005.

The court approved employment of the applicant as the debtor's bankruptcy counsel on July 26, 2005, effective as of the petition date. To date, the applicant has assisted the debtor with all aspects of the administration of the estate. More specifically, the applicant has reviewed claims, arranged for the debtor to obtain post-petition financing, prepared for the § 341 meeting of creditors, and prepared the debtor's plan of reorganization and disclosure statement. Early in the case, the applicant also prepared motion papers to designate the debtor's responsible individual. However, the motion raised questions regarding the debtor's corporate governance and whether proper authority had been obtained to appoint the responsible individual. The court issued an order to show cause as to why the case should not be dismissed to which the applicant prepared a detailed response.

## LEGAL DISCUSSION

Section 330 of the Bankruptcy Code mandates that any award of compensation must be reasonable and can only be allowed for actual, necessary services. 11 U.S.C. § 330 (a)(1)(A). Implicit in this statutory mandate is the bankruptcy court's obligation, as a guardian of the estate's funds, to review every application by professionals who seek compensation from the bankruptcy estate and to determine whether the fees requested fall within the parameters of the statute. This duty exists whether or not there is any opposition to the request. *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 841 (3rd Cir. 1994); *In re Berg*, 268 B.R. 250, 257 (D. Montana 2001). In reviewing each application, the court must consider the nature, extent and value of the professional's services. If the court determines that some or all of the legal services provided were not likely to benefit the estate or were not necessary for the case, the court may award less compensation than requested. *In re Riverside-Linden Investment*

*Co.*, 925 F.2d 320, 322-23 (9th Cir. 1991)(court may decline to award attorneys' fees where the time expended cannot be justified by a cost-benefit analysis). The burden of proof to show entitlement to all fees requested from the estate is on the applicant. *Berg*, 268 B.R. at 257.

Under these standards, and as set forth more fully below, certain time entries are noticeably deficient. As a result, a portion of the fees requested must be disallowed.

I. <u>Excessive or Redundant Time</u>

Attorneys have a duty to exercise good billing judgment when they apply for fees. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Hours that are excessive in relation to the task accomplished or that are spent on unnecessary tasks are not reasonable and should be excluded from fee applications. *See* 11 U.S.C. § 330(a)(3)(D) and (a)(4)(A). In deciding whether time spent is excessive, the court must consider factors such as the skill and experience level of the practitioner, as well as the complexity, importance and nature of the task at hand. *Id.* at § 330 (a)(3)(D) and (E).

The following chart reflects two instances where the time spent performing a single task was billed twice. Under § 330(a)(4)(A), the court may not allow compensation for unnecessary duplication of services. Because the duplicative entries are inappropriate, compensation will only be allowed for one of each of the duplicate entries.

| Page | Date | Atty | Services Rendered | Hours not allowed | Amount not allowed |
|---|---|---|---|---|---|
| 4 | 5-17-05 | RB | Conference w/ office attorney TMA re deadlines and Do's and don'ts (.2) | -0.20 | $99.00 |
| 4 | 5-17-05 | RB | Conference w/ office attorney TMA re deadlines and do's and don'ts (.2) | | |
| 4 | 5-17-05 | TMA | telephone conf. w/ court staff re payment of petition and documents required to support petition (.2) | -0.20 | $56.00 |
| 5 | 5-17-05 | TMA | Telephone conf. w/ court staff re payment of petition and documents required to supplement petition (.2) | | |
| | | | **Total** | **-0.40** | **$155.00** |

Unnecessary duplication also can occur when multiple professionals participate in intraoffice conferences. Two of this district's fee guidelines address these types of entries. Guideline 15 provides

3

MEMORANDUM DECISION AND ORDER

that a failure to justify time spent in conferences with other professionals or paraprofessionals in the same firm may result in the disallowance of all fees related to such intraoffice conferences. Similarly, Guideline 16 indicates that a failure to justify the need for more than one professional from the same firm at a court hearing or other meeting may result in compensation for only the lower billing attorney's time. It is clear from these provisions that compensation at the higher billing attorney's rate or for more than one professional's time should be the exception, not the rule. The following chart reflects duplicative billing for intraoffice conferences that took place. Absent explanation of why both attorneys' time is compensable, the court will only approve the time of the attorney with the lower billing rate.

| Page | Date | Atty | Time Entry | Hours | Amount Billed |
|---|---|---|---|---|---|
| 37 | 06-14-05 | RB | Conference with office attorney TMA re financing motion and notice of claims bar date (.2) | -0.20 | $99.00 |
| 38 | 06-14-05 | TMA | Conference with office attorney RB re financing motion and notice of claims bar date (.2) | | |
| 38 | 06-15-05 | RB | Conference with office attorney TMA re financing motion (.2) | -0.20 | $99.00 |
| 38 | 06-15-05 | TMA | Conference with office attorney RB re financing motion (.2) | | |
| 39 | 06-17-05 | RB | Conference with office attorney TMA re financing motion and declarations (.2) | -0.20 | $99.00 |
| 39 | 06-17-05 | TMA | Conference with office attorney RB re financing motion and declarations (.2) | | |
| | | | **Total** | **-0.60** | **$297.00** |

II.  Lack of Benefit to the Estate

To be compensable, services performed must have been reasonably likely to benefit the estate at the time the services were rendered. *In re Mednet*, 251 B.R. 103, 108 (9th Cir. BAP 2000). In determining whether any particular service satisfies this standard, the court must consider the circumstances and manner in which services were performed and the results achieved. *Id.* As the next table reflects, two attorneys spent just over fourteen hours responding to the court's order to show cause

4

MEMORANDUM DECISION AND ORDER

concerning corporate governance issues. These time entries are problematic because time spent to correct work that should have been done right the first time around provides no real benefit to the estate in light of the task accomplished. Additionally, the materials submitted in response to the court's order to show cause went far a field and were of little assistance to the court. For these reasons, the time set forth in the following table is disallowed.

| Page | Date | Atty | Time Entry | Hours | Amount Billed |
|---|---|---|---|---|---|
| 15 | 06-21-05 | RB | Analysis of court order to show cause (.2) | -0.20 | $99.00 |
| 16 | 06-21-05 | TMA | Preparation of opp to courts OSC re dismissal/conversion (2.0) | -2.00 | $560.00 |
| 16 | 06-21-05 | TMA | Preparation of memo re corporate governance under Delaware Corporations Code (.7) | -0.70 | $196.00 |
| 16 | 06-21-05 | TMA | Research regarding OSC re dismissal conversion, Polaris Bylaws and amendment, and applicable sections of Delaware Corporations Code (1.0) | -1.00 | $280.00 |
| 16 | 06-21-05 | RB | Research regarding corporation laws and bylaws for response to OSC and related emails (1.5) | -1.50 | $742.50 |
| 16 | 06-22-05 | TMA | Conference w/ office attorney RB re debtor's response to court issued OSC re convert, dismiss or trustee (.5) | -0.50 | $140.00 |
| 16 | 06-22-05 | RB | Conference w/ office attorney TMA re debtor's response to court issued OSC re convert, dismiss or trustee (.5) | -0.50 | $247.50 |
| 16 | 06-22-05 | RB | Analysis of court issued OSC re conversion, dismissal or trustee (.2) | -0.20 | $99.00 |
| 17 | 06-22-05 | TMA | Preparation of response to OSC re dismissal (.7) | -0.70 | $196.00 |
| 17 | 06-22-05 | RB | Analysis of exhibits to response to OSC (.5) | -0.50 | $247.50 |
| 17 | 06-23-05 | RB | Preparation of response to court issued OSC re convert, dismiss or appoint trustee (2.0) | -2.00 | $990.00 |
| 17 | 06-23-05 | RB | Conference w/ office attorney TMA re financing and OSC hearings (.2) | -0.20 | $99.00 |
| 17 | 06-23-05 | TMA | Telephone conference with K. Cocita re OSC response and hearing thereon (.1) | -0.10 | $28.00 |
| 18 | 06-23-05 | TMA | Conference w/ office attorney RB re financing and OSC hearings (.2) | -0.20 | $56.00 |

| Page | Date | Atty | Time Entry | Hours | Amount Billed |
|---|---|---|---|---|---|
| 18 | 06-23-05 | TMA | Preparation of final version of response to OSC and Cocita declaration thereon (.7) | -0.70 | $196.00 |
| 18 | 06-24-05 | RB | Preparation for hearing on OSC; analysis of file re same (.5) | -0.50 | $247.50 |
| 18 | 06-24-05 | TMA | Appearance at hearing on OSC and motion to obtain financing (1.3) | -1.30 | $364.00 |
| 18 | 06-24-05 | RB | Conference with client Keith and Max re case administration and corporate governance issues (.3) | -0.30 | $148.50 |
| 18 | 06-24-05 | RB | Appearance at hearing on OSC issued by court (1.0) | -1.00 | $495.00 |
| | | | **Total** | **-14.10** | **$5,431.50** |

III. <u>Ministerial, Clerical or Administrative Time</u>

In *Sousa v. Miguel (In re United States Trustee)*, 32 F.3d 1370, 1374 (9th Cir. 1994), the Ninth Circuit held that time entries for ministerial, clerical or administrative tasks are part of normal overhead expenses and, therefore, are non-compensable. *Id.* at 1374. Under these standards, the following entries for ministerial or administrative time are disallowed. There are 51 entries where the task performed is described as "Analysis of summary of ECF activity." This appears to mean that a lawyer looked at the docket 51 times. There is no explanation as to why this is a necessary and non-clerical service. Additionally, 18 of the entries were to review and distribute efiled notices. This appears to be the functional equivalent of opening the mail and distributing it. Finally, in this day of computerized record-keeping, time spent separating time entries into project categories is most accurately described as ministerial.

| Page | Date | Atty | Services Rendered | Hours not allowed | Amount not allowed |
|---|---|---|---|---|---|
| 4 | 05-16-05 | AEW | Review various efiled notices from court re 341(a), status conference, etc. and prepare distribution re same (.3) | -0.30 | $135.00 |
| 5 | 05-17-05 | TMA | Analysis of multiple notices re deadlines in case re petition, schedules, filing of POS's and complaints, IOI, 341(a) etc. (.4) | -0.40 | $112.00 |

| Page | Date | Atty | Services Rendered | Hours not allowed | Amount not allowed |
|---|---|---|---|---|---|
| 6 | 05-19-05 | AEW | Review additional efiled notice received from court and prepare distribution re same and make sure dates are calendared (.3) | -0.30 | $135.00 |
| 7 | 05-24-05 | TMA | Telephone conf. w/ court staff re obtaining a telephonic appearance for the chapter 11 status conference (.1) | -0.10 | $28.00 |
| 10 | 05-27-05 | AEW | Attention to various efiling issues (.2) | -0.20 | $90.00 |
| 12 | 06-04-05 | RB | Analysis of ECF activity (.1) | -0.10 | $49.50 |
| 13 | 06-07-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 14 | 06-08-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 15 | 06-16-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 15 | 06-20-05 | AEW | Revise and update case filing punch list and players list (.2) | -0.20 | $90.00 |
| 16 | 06-21-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 17 | 06-22-05 | AEW | Review various efiled notices and prepare distribution re same (.2) | -0.20 | $90.00 |
| 17 | 06-22-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 17 | 06-23-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 18 | 06-24-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 18 | 06-25-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 18 | 06-27-05 | AEW | Review various efiled notices and prepare distribution re same (.2) | -0.20 | $90.00 |
| 18 | 06-28-05 | TMA | Analysis of correspondence from M. Turqueza re address and update service lists accordingly (.1) | -0.10 | $28.00 |
| 19 | 06-29-05 | AEW | Review various notices from efiling and prepare distribution re same (.2) | -0.20 | $90.00 |
| 19 | 06-29-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 19 | 06-30-05 | RB | Analysis of ECF activity (.1) | -0.10 | $49.50 |
| 19 | 07-02-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 21 | 07-13-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 21 | 07-13-05 | AEW | Review various efiled notices and orders and prepare distribution re same (.2) | -0.20 | $90.00 |
| 21 | 07-14-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |

7

MEMORANDUM DECISION AND ORDER

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

| Page | Date | Atty | Services Rendered | Hours not allowed | Amount not allowed |
|------|------|------|-------------------|-------------------|--------------------|
| 21 | 07-14-05 | AEW | Review various notices received by efile and prepare distribution re same (.2) | -0.20 | $90.00 |
| 21 | 07-15-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 21 | 07-15-05 | AEW | Review efiled notices and prepare distribution re same (.2) | -0.20 | $90.00 |
| 22 | 07-15-05 | TMA | Analysis of ECF report of activity (.1) | -0.10 | $28.00 |
| 22 | 07-15-05 | AEW | Review efiled proofs of claim and prepare distribution re same (.2) | -0.20 | $90.00 |
| 22 | 07-16-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 22 | 07-18-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 22 | 07-18-05 | AEW | Review various efiled notices and prepare distribution re same (.2) | -0.20 | $90.00 |
| 22 | 07-19-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 22 | 07-21-05 | AEW | Review various court notices and prepare distribution re same (.2) | -0.20 | $90.00 |
| 23 | 07-22-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 23 | 07-23-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 23 | 07-26-05 | AEW | Review various efilings and prepare distribution re same (.2) | -0.20 | $90.00 |
| 23 | 07-26-05 | AEW | Review various efiled docs and prepare distribution re same (.2) | -0.20 | $90.00 |
| 23 | 07-27-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 24 | 07-28-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 24 | 07-28-05 | TMA | Analysis of ECF summary (.1) | -0.10 | $28.00 |
| 24 | 07-29-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 24 | 07-29-05 | AEW | Review various efiled notices and prepare distribution re same (.2) | -0.20 | $90.00 |
| 24 | 07-29-05 | TMA | Analysis of ECF summary of activity (.1) | -0.10 | $28.00 |
| 24 | 07-30-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 25 | 08-09-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 25 | 08-12-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 25 | 08-22-05 | AEW | Review court notices and prepare distribution re same (.2) | -0.20 | $90.00 |

| Page | Date | Atty | Services Rendered | Hours not allowed | Amount not allowed |
|---|---|---|---|---|---|
| 25 | 08-24-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 25 | 08-25-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 25 | 08-26-05 | RB | Analysis of ECF activity (.1) | -0.10 | $49.50 |
| 25 | 08-27-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 26 | 09-02-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 26 | 09-03-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 26 | 09-10-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 26 | 09-13-05 | AEW | Review various efiled notices and prepare distribution to TMA re same (.2) | -0.20 | $90.00 |
| 27 | 09-14-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 27 | 09-17-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 27 | 09-20-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 27 | 09-21-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 27 | 09-22-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 27 | 09-27-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 28 | 09-28-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 28 | 10-10-05 | TMA | Analysis of ECF summary (.1) | -0.10 | $28.00 |
| 28 | 10-11-05 | TMA | Revise service lists re amended Storm Ventures addresses (.1) | -0.10 | $28.00 |
| 28 | 10-14-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 29 | 10-18-05 | TMA | Analysis of ECF summary (.1) | -0.10 | $28.00 |
| 29 | 10-27-05 | RB | Analysis of summary of ECF activity (.1) | -0.10 | $49.50 |
| 29 | 10-28-05 | TMA | Analysis of ECF summary (.1) | -0.10 | $49.50 |
| 34 | 06-28-05 | TMA | Research regarding procedures for filing and e filing employment application (.1) | -0.10 | $28.00 |
| 42 | 07-15-05 | TMA | Analysis of entered order re: designation of responsible person (.1) | -0.10 | $28.00 |
| 48 | 09-16-05 | TMA | Efile documents re disclosure statement (.3) | -0.30 | $84.00 |
| 52 | 08-08-05 | TMA | Analysis of ECF notice of completion of 341(a) meeting (.1) | -0.10 | $28.00 |
| 53 | 07-18-05 | TMA | Analysis of ECF summary of activity (.1) | -0.10 | $28.00 |

9

**MEMORANDUM DECISION AND ORDER**

| Page | Date | Atty | Services Rendered | Hours not allowed | Amount not allowed |
|---|---|---|---|---|---|
| 53 | 10-13-05 | AEW | Review various efiled notices and prepare distribution re same (.2) | -0.20 | $90.00 |
| 2 Supp | 11-02-05 | TMA | Analysis of ECF summary of activity (.1) | -0.10 | $28.00 |
| 3 Supp | 11-17-05 | TMA | Analysis of ECF summary (.1) | -0.10 | $28.00 |
| 5 Supp | 11-16-05 | RB | Analysis of time entries and billings and resort where categorized incorrectly (1.0) | -1.00 | $495.00 |
| | | | **Total** | **-11.40** | **$5,011.50** |

IV. <u>Expenses</u>

As a final note, one item of expense amounting to $22.00 for estimated outgoing telecopier expense is inappropriate. While incoming telecopier expenses are allowed at 20 cents per page, our fee guidelines do not allow recovery for outgoing charges unless the actual cost is documented. As a result, the costs requested will be reduced by $22.00.

Good cause appearing, **IT IS ORDERED**:

The First Interim Application for Compensation and Reimbursement of Expenses by Counsel for debtor, as supplemented, is allowed in the total amount of $96,324.00 for fees and $10,492.65 in costs, for a total of $106,816.65. After application of $2,867.81, the remaining retainer on hand, the applicant is entitled to receive $103,948.84 in new money.

DATED: Dec 15 2005

UNITED STATES BANKRUPTCY JUDGE

Case No. 05-52927

## COURT SERVICE LIST

Ron Bender
Todd M. Arnold
LEVENE, NEALE, BENDER, RANKIN & BRILL, LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067

Polaris Networks, Inc.
6810 Santa Teresa Boulevard
San Jose, CA 95119

Office of the United States Trustee
280 South First Street, Suite 268
San Jose, CA 95113